59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Tyrone THOMPSON, Petitioner-Appellant,
v.
U.S. PAROLE COMMISSION, Respondent-Appellee.
 No. 94-6616.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1995.
 
 Before: MERRITT, Chief Judge; BROWN and MARTIN, Circuit Judges.
 
 ORDER
 
 1
 Tyrone Thompson appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. Sec. 2241. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 In 1975, Thompson began serving a federal sentence of 15 years of imprisonment for armed robbery. He was paroled in July of 1993, with more than four years left to serve on his original sentence. On January 19, 1994, Thompson's parole officer applied for a warrant charging him with violating the special drug aftercare condition of his parole, using illegal drugs and failing to report. A parole violator warrant was issued the next day. The warrant application was supplemented several times to clarify the manner in which Thompson had violated the drug aftercare condition and to show that he had two additional convictions for possessing a crack pipe as well as a conviction for giving false information to the arresting officers.
 
 
 3
 On April 14, 1994, Thompson was released from state custody to a federal detainer based on the parole violator warrant. On May 17, 1994, a case analyst for the Parole Commission sent Thompson a letter advising him that the Commission had found probable cause of a parole violation and had ordered a revocation hearing. The letter also identified five instances in which Thompson had violated the conditions of his parole. The Commission revoked Thompson's parole on June 21, 1994, after conducting a revocation hearing.
 
 
 4
 In his petition, Thompson alleged that his parole had been revoked without due process because he had not received written notice of the alleged violations. On November 28, 1994, the district court adopted a magistrate judge's recommendation and dismissed the case. Thompson filed a timely appeal from this judgment, requesting pauper status and the appointment of counsel.
 
 
 5
 Thompson now argues that he was denied due process because he did not receive adequate notice of the charges against him when he was taken into federal custody. See 18 U.S.C. Sec. 4213(c). This argument is now moot because Thompson admits that he received the case analyst's letter, which provided adequate notice of the charges that were considered at his revocation hearing. See Thomas Sysco Food Servs. v. Martin, 983 F.2d 60, 62 (6th Cir. 1993). Thus, Thompson was not prejudiced by any deficiency in the initial notice. See White v. United States Parole Comm'n, 856 F.2d 59, 61 (8th Cir. 1988) (per curiam). Moreover, there is no indication that Thompson was otherwise deprived of his constitutional right to due process. See Morrissey v. Brewer, 408 U.S. 471, 485-88 (1972).
 
 
 6
 Accordingly, Thompson's request for pauper status is granted for the limited purpose of reviewing this appeal, his request for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.