William W. LINTON, II,
Petitioner–Appellee,

v.

Diane WALKER, Warden, Respondent–
Appellant.

No. 00–3259.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before NORRIS and COLE, Circuit Judges; HOLSCHUH, District Judge.*

OPINION

PER CURIAM.

William Linton brought a habeas corpus action under 28 U.S.C. § 2254 challenging the revocation of his parole. The district

---

* The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

court ordered a new parole revocation hearing within ninety days, or a grant of the writ if there was no hearing. We reverse the district court's conditional grant of habeas corpus relief and remand the case.

## I.

In 1984 in a Portage County, Ohio, court, Linton was indicted on two counts of rape with force or threat of force involving a victim under the age of thirteen, his daughter. He pleaded guilty to charges of sexual battery and received a sentence of four to twenty years. On May 18, 1993, he was released on parole. One of the conditions of his parole was that he participate in a counseling program at Serenity Hall in Ohio for "sex problems" and "residential problems." Linton was a disciplinary problem at Serenity Hall, and the parole officer and her supervisor warned him several times that if he was removed from the program before completion, he would be in violation of his parole. Nevertheless, on November 22, 1993, Linton was terminated from Serenity Hall before he had successfully finished the program. According to the Serenity Hall staff, Linton failed to structure a repayment plan for the program, and when the staff structured the plan for him (twenty dollars a week), he refused to comply.

Linton was arrested when he violated parole, and he received notice of a probable cause hearing to be held the next month. The notice listed his violation as his termination from the Serenity Hall sex offender program and correctly specified the condition he failed to fulfill:

Rule # 12 I also agree to the following special conditions as imposed by the Court or the Adult Parole Authority:

12.m Will (seek to) participate in counseling and outpatient programs through supervising officer concerning sex and residential problems under guidance of supervising officer-social worker for a period until no longer needed. (Optional)—Removal, elimination, or termination from this program for any reason other than successful completion of the program, is considered a violation of this condition of supervision. TO WIT: On or about 11–22–93, you were unsuccessfully terminated from the Southwestern Ohio Serenity Hall Program.

J.A. 318.

Linton's probable cause hearing occurred on December 6, 1993, and Jack Miller, Program Director at Serenity Hall, testified at the hearing. That day, the parole authority generated a notice that probable cause had been found. The notice summarized the evidence against Linton and listed the same probation violation. Linton was then returned to prison.

In January and February 1994, Linton signed two forms stating that he opted for an informal parole revocation hearing; according to the forms, as a condition to the informal hearing, a parolee had to admit to the acts alleged. On February 25, 1994, he had his final revocation hearing, where he was represented by a lawyer.[1] The Parole Board decided to revoke Linton's parole, and on March 17, 1994, the chief hearing officer sent Linton a letter that is the basis of this action. The letter stated that his parole was revoked because of his failure to complete a drug abuse program. It listed as a parole violation:

Rule # 12M: I also agree to the following special conditions as imposed by the Court or the Adult Parole Authority: Will participate in narcotic anonymous

---

1. The record of the actual hearing was apparently destroyed, pursuant to the usual prac- tice of the Ohio Adult Parole Authority.

program through own resources concerning drinking problems/narcotic problems under guidance of supervision for a period of until no longer needed. Removal, elimination, or termination from this program for any reason other than successful completion of the program is considered a violation of this condition of supervision. TO–WIT: On or about 11–22–93, you were unsuccessfully terminated from the Southwestern Ohio Serenity Hall Program.

J.A. 337. A narcotics anonymous program was not listed as a condition of Linton's parole. Linton was reviewed for possible parole release again on March 31, 1995, but he was denied parole and continued to his maximum release date, June 15, 2004.

On May 21, 1997, after several state court proceedings, Linton filed this petition for a writ of habeas corpus challenging his parole revocation. Linton's pro se petition included numerous counts of alleged constitutional violations, but the issue decided by the district court and certified for appeal involved the discrepancy between Linton's notice of the revocation hearing and the violation invoked in the revocation letter. In a January 20, 2000, opinion, the district court found that this discrepancy violated due process since the condition listed in the letter had not been imposed on Linton. The court granted a conditional writ of habeas corpus if the state failed to hold a de novo parole revocation hearing within ninety days. Linton's remaining claims were deemed moot in light of the conditional writ.

## II. ·

██ We review de novo a district court's decision to grant a writ of habeas

corpus. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997). While we review the findings of the Parole Commission for an abuse of discretion, *Taylor v. United States Parole Comm'n*, 734 F.2d 1152, 1155 (6th Cir.1984), the Commission's compliance with due process is a question of law, which is reviewed de novo. *Hutchings v. United States Parole Comm'n*, 201 F.3d 1006, 1009 (8th Cir.2000).

The Supreme Court has set forth a parolee's due process rights in a parole revocation proceeding:

(a) written notice of the claimed violations of parole; (b) disclosure to the ·parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The *Morrissey* Court, in light of an inadequate record, remanded the case for determination of what process had been afforded to the petitioners. *Id.* at 490, 92 S.Ct. 2593.[2]

██ Technical errors in the parole revocation process do not rise to the level of a constitutional issue, and a parolee must show prejudice before we will find a due process violation. *See White v. United States Parole Comm'n*, 856 F.2d 59, 61

2. The *Morrissey* Court added: "If it is determined that petitioners admitted parole violations to the Parole Board, ... and if those violations are found to be reasonable grounds for revoking parole under state standards, that would end the matter." *Id.* at 490, 92 S.Ct. 2593. Although Linton admitted to a parole violation, he did not admit to the violation cited as the reason for revocation.

(8th Cir.1988) (rejecting a claim of defective notice because petitioner had not shown prejudice) (cited in *Thompson v. United States Parole Comm'n*, No. 94–6616, 1995 WL 371638, at *1 (6th Cir. June 21, 1995) (unpublished)); *Williams v. Johnson*, 171 F.3d 300, 307–08 (5th Cir. 1999) (affirming the denial of habeas relief when the alleged error in refusing to allow a parole officer to testify at the parole revocation hearing was harmless). In *Martineau v. Perrin*, 601 F.2d 1201 (1st Cir.1979), the Court of Appeals for the First Circuit rejected a claim that a parolee's due process rights were violated when there was a discrepancy between the notice of his alleged parole violations and the factfinders' conclusions. Specifically, the parole violation complaint accused the parolee of being married and sleeping with a woman not his wife, while in fact, he was not married but the woman in question was. *Id.* at 1205. The complaint also stated that he had "kept late hours and, on the night of March 11–12, 1975, was absent from his residence overnight without permission." *Id.* Although the parolee admitted to sleeping away from home, it was not on the night of March 11–12. The court concluded that the "carelessly worded" complaint did not violate notice requirements because "[t]echnical and non-prejudicial variances between the written notice and the Parole Board's final findings of violations do not offend due process." *Id.* (citation omitted); *see also Perry v. United States Parole Comm'n*, 831 F.2d 811, 813 (8th Cir.1987) (finding no due process violation when there was a technical variation between the parole violator warrant and the revocation notice; the first listed the violations as "theft/receiving stolen automobile," "association with persons involved in criminal activity," and "use of narcotics," and the second listed the violations as "theft/attempted robbery" and "association with persons bent on the commission of criminal activity").

In Linton's case, the error in listing a narcotics anonymous program rather than a sexual offenders program was a ministerial reporting error, and there was no prejudice because a minor error in reporting the result did not affect the outcome of the hearing. In fact, the letter correctly cited Linton's termination from the Serenity Hall program. Linton received adequate notice of the charge in the two notifications that preceded his hearing, and he admitted to the violation that formed the basis for revocation. The technical error in reporting the result of the hearing does not rise to the level of a constitutional violation.

### III.

For the foregoing reasons, we reverse the conditional grant of the habeas petition and remand this cause to the district court for consideration of petitioner's remaining claims.