[Cite as *State ex rel. Diewald v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-4396.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Craig M. Diewald, | : | |
| Relator, | : | |
| v. | : | No. 23AP-89 |
| [Ohio Department of Rehabilitation and Correction]/Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on December 5, 2023

*Craig M. Diewald*, pro se.

*Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondent.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

JAMISON, J.

{¶ 1} In this original action, relator, Craig M. Diewald, who is confined at the Noble Correctional Institution in Caldwell, Ohio, requested a writ of mandamus against respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to order the Bureau of Sentence Computation (the "Bureau") to respond to his public records request.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals.

{¶ 3} On April 11, 2023, the Bureau filed a motion to dismiss for failure to state a claim for relief pursuant to Civ.R. 12(B)(6). On April 12, 2023, relator filed a response to

the motion to dismiss and, in accordance with Civ.R. 56, moved for summary judgment in his favor.

**{¶ 4}** The magistrate considered the matter and, on June 15, 2023, issued a decision recommending that ODRC's motion to dismiss be granted and relator's complaint dismissed. The magistrate concluded that dismissal of the case was warranted because relator failed to comply with R.C. 2969.25(A).

**{¶ 5}** For the following reasons, we remand.

**{¶ 6}** R.C. 2969.25(A) provides that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

**{¶ 7}** The magistrate concluded relator's case should be dismissed because relator did not include such an affidavit nor a statement indicating that he had not filed any civil actions or appeals within the past five years.

**{¶ 8}** The magistrate's decision was rendered based on a flawed interpretation of the law.  This court has previously held that "if there are no actions subject to the disclosure requirement in R.C. 2969.25(A), then no affidavit need be filed."  *Church v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 98AP-1222 (June 15, 1999).  This first provision, however, is accompanied by a second, which states that "a written statement affirming that no prior actions subject to disclosure exist **should** in fact be filed." (Emphasis added).  *Id.*

**{¶ 9}** Additionally, this court later revisited this concept in *Hill v. Adult Parole Auth.*, 10th Dist. No. 05AP-1086, 2006-Ohio-1299, and held that "if an inmate has not filed any civil actions in the previous five years, R.C. 2969.25(A) does not require him to file an affidavit." *Id.* at ¶ 6. With references to both *Church* and *Hill* in its decision, the Supreme Court of Ohio confirmed that "nothing in the plain statutory language [of R.C. 2969.25] requires such a statement."  *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4965, ¶ 5.

**{¶ 10}** *Wickensimer* clearly demonstrates that the magistrate's recommendation to dismiss relator's case solely because relator did not submit a statement affirming his lack of civil filings was error. ODRC has not shown, and the record does not demonstrate that

there exists any prior filing by relator which would trigger the applicability of R.C. 2969.25(A).

{¶ 11} Following our review of the record pursuant to Civ.R. 53, we find the magistrate erred in granting respondent's motion to dismiss. Therefore, we sustain relator's objection to the magistrate's decision and remand this matter to the magistrate for further proceedings consistent with this decision.

*Objection sustained*;
*cause remanded*.

BEATTY BLUNT, P.J., and DORRIAN, J., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Craig M. Diewald, | : | |
| Relator, | : | |
| v. | : | No.  23AP-89 |
| ODRC/Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 15, 2023

---

*Craig M. Diewald*, pro se.

*Dave Yost*, Attorney General, and *Jennifer A. Driscoll*, for respondent.

---

IN MANDAMUS
ON MOTIONS

{¶ 12} Relator, Craig M. Diewald, filed this original action seeking a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), Bureau of Sentence Computation (the "bureau"), to correct its record to reflect the sentences imposed by the Licking County Court of Common Pleas and the Muskingum County Court of Common Pleas. Respondent has filed a motion to dismiss pursuant to

Civ.R. 12(B)(6). Relator has filed a combined reply to the motion to dismiss and motion for summary judgment.

## I. Findings of Fact

{¶ 13} 1. Relator is an inmate incarcerated at the Noble Correctional Institution in Caldwell, Ohio.

{¶ 14} 2. Respondent ODRC is a state governmental agency responsible for, among other duties, operating Ohio's prison system.

{¶ 15} 3. The bureau is a division of ODRC responsible for computing release dates for Ohio inmates.

{¶ 16} 4. In his complaint, relator alleges that he was sentenced by the Muskingum County Court of Common Pleas on February 10, 2020 to a nonlife indefinite term of imprisonment of four to six years. Relator alleges he was sentenced by the Licking County Court of Common Pleas on February 14, 2020 to an aggregate definite term of imprisonment of eight years. (Compl. at 1-2.)

{¶ 17} 5. Relator further alleges in his complaint that respondent is under a duty to correct its records to reflect the sentences actually imposed by the sentencing courts pursuant to the Supreme Court of Ohio's decision in *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 209, 2020-Ohio-4410.

{¶ 18} 6. Relator states in his complaint that:

> The authentic organs representing the courts' will order the execution of the Muskingum County sentence first, followed by the Licking County sentences. Entries. However, Respondent's record flips this clear mandates on their heads. DOTS-Portal printout. Notwithstanding the denial of substantive rights (halftime review on SB201 term, and release from sentence, and judicial release after (5) years on HB86 terms), no statutory authority can control the language of entries. The Muskingum entry's silence on consecutive service cannot be interpreted as grounds for statutory control, because no sentence was on execution when it was pronounced. The Licking entries are unambiguously clear as to what sentence came first, Muskingum's, followed by its pronouncements.

(Sic. passim.) (Compl. at 2.)

{¶ 19} 7. Relator states in his complaint that he is entitled a peremptory writ of mandamus as a matter of law.

{¶ 20} 8. Respondent filed a motion for leave to file instanter a motion to dismiss pursuant to Civ.R. 12(B)(6) on April 11, 2023.

{¶ 21} 9. On April 12, 2023, the magistrate granted respondent's April 11, 2023 motion for leave to file instanter its motion to dismiss.

{¶ 22} 10. On April 21, 2023, relator filed a combined "reply" to respondent's motion to dismiss and a motion for summary judgment pursuant to Civ.R. 56.

{¶ 23} 11. On April 28, 2023, respondent filed a reply in support of its motion to dismiss.

## II. Discussion and Conclusions of Law

{¶ 24} In its motion to dismiss, respondent asserts relator's complaint must be dismissed for failing to comply with the mandatory inmate filing requirements under R.C. 2969.25(A).

## A. Review of a Motion to Dismiss in Mandamus

{¶ 25} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 26} A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352,

2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

## B. Inmate Filing Requirements

{¶ 27} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, ___ Ohio St.3d ___, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply warrants dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1. Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5.

{¶ 28} Substantial compliance with the requirements of R.C. 2969.25(A) is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4. Nor can a deficiency in compliance with R.C. 2969.25 be cured at a later date. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance").

{¶ 29} In support of its motion to dismiss, respondent states: "Relator failed to file an Affidavit of Prior Civil Actions. This Court recently dismissed a civil action filed by a Relator. See *Mallory v. Crawford*, 2022-Ohio-3214, (September 14, 2022). Therefore, Relator has failed to comply with the necessary filing requirement of R.C. 2969.25(A), and dismissal is warranted." (Respondent's Mot. to Dismiss at 6.) Respondent's assertion that this court recently dismissed a civil action filed by relator is unclear. The case cited by respondent does not reflect that it was filed by relator. *State ex rel. Mallory v. Crawford*, 167 Ohio St.3d 1515, 2022-Ohio-3214. Rather, the docket and filings in that case reflect that the case was filed by nonparty Delvonta L. Mallory.[1] Therefore, dismissal on this basis is unwarranted.

{¶ 30} Nevertheless, review of relator's complaint reveals no affidavit of prior civil actions pursuant to R.C. 2969.25(A) or a statement indicating that relator has not filed any civil actions or appeals within the previous five years in any state or federal court. Relator is not required to file an affidavit pursuant to R.C. 2969.25(A) if no civil action or appeal has been filed within the statutory time period. *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 3. In the event an inmate has no qualifying actions or appeals under R.C. 2969.25(A), however, this court has held that an inmate must "file a

---

[1] A court may take judicial notice of facts not subject to reasonable dispute insofar as they affect the current original action. *See State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18 (taking judicial notice of information presented in an unopposed motion and also available on a publicly accessible website); *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8 (finding that a court considering a motion to dismiss pursuant to Civ.R. 12(B)(6) properly took judicial notice of an entry attached to the motion in determining whether the mandamus claim was moot); Evid.R. 201(B).

statement that [the inmate] has not filed any such civil actions or appeals." *State ex rel. Williams v. Ohio Adult Parole Auth.*, 10th Dist. No. 22AP-662, 2023-Ohio-850, ¶ 4. *See Kachermeyer v. Tolson*, 10th Dist. No. 01AP-1186, 2002-Ohio-2092. Because relator failed to provide a written statement or otherwise indicate in his complaint that he has not filed any civil action or appeal of a civil action in the previous five years in any state or federal court, his complaint is subject to dismissal.

## C. Conclusion

{¶ 31} Accordingly, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted and relator's complaint dismissed. Relator's motion for summary judgment is denied as moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.