[Cite as *Holloway v. Ohio Adult Parole Auth.*, 2024-Ohio-1248.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Clites A. Holloway, | : | |
| Relator, | : | |
| | : | No. 23AP-477 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on April 2, 2024

**On brief:** *Clites A. Holloway*, pro se.

**On brief:** *Dave Yost*, Attorney General, *B. Alexander Kennedy*, and *George Horvath*, for respondent.

IN MANDAMUS

LUPER SCHUSTER, J.

{¶ 1} Relator, Clites A. Holloway, initiated this original action requesting this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to correct the calculation of sanction days available to be used by the OAPA to a maximum of 365 days and to correct the calculation of days already served as a sanction to 209 days credit with only 156 days left to serve as sanction days. The OAPA filed a motion to dismiss Holloway's complaint for failure to comply with R.C. 2969.25(A), 2969.25(C), and 2731.04.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined Holloway failed to comply with R.C. 2969.25(A), 2969.25(C), and 2731.04.

Thus, the magistrate recommends this court grant the OAPA's motion to dismiss Holloway's petition for a writ of mandamus.

{¶ 3} No party has filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). The case is now before this court for review.

{¶ 4} Having reviewed the record, we agree with the magistrate that dismissal of Holloway's petition for a writ of mandamus is appropriate for failure to comply with R.C. 2969.25(C) and 2731.04. However, we find the magistrate's decision contains an error of law related to the applicability of R.C. 2969.25(A).

{¶ 5} When an inmate files a civil action against a governmental entity or employee, R.C. 2969.25(A) requires the inmate to file an affidavit listing each civil action or appeal of a civil action the inmate has filed in the past five years. Compliance with R.C. 2969.25 is mandatory, and an inmate's failure to strictly comply with R.C. 2969.25 is grounds for dismissal. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6, citing *State v. Henton*, 146 Ohio St.3d 9, 2016-Ohio-1518, ¶ 3-4. However, where an inmate has not filed any civil actions in the previous five years, there is nothing in R.C. 2969.25(A) to require the inmate to file an affidavit stating as much. *State ex rel. Diewald v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 23AP-89, 2023-Ohio-4396, ¶ 9, citing *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 5. Thus, where an inmate has not filed an affidavit and the respondent has not shown, and the record does not demonstrate, the existence of any prior filing by the inmate that would trigger the applicability of R.C. 2969.25(A), dismissal for the inmate's failure to file an affidavit is not appropriate. *Id.* at ¶ 10.

{¶ 6} In this case, though the magistrate is correct that Holloway did not file an affidavit listing all prior civil actions in the past five years, the magistrate does not indicate either that the OAPA identified any prior filing or that any other filing by Holloway in the past five years otherwise exists that would trigger the applicability of R.C. 2969.25(A). Thus, we do not agree with the magistrate that R.C. 2969.25(A) is grounds for dismissal. Though we modify the magistrate's decision to reflect that R.C. 2969.25(A) is not grounds

for dismissal here, we agree with the magistrate that dismissal of the action is appropriate nonetheless due to Holloway's failure to comply with R.C. 2969.25(C) and 2731.04.

**{¶ 7}** Having modified the magistrate's decision with respect to R.C. 2969.25(A), we find no other error of law or other defect on the face of the magistrate's decision. Accordingly, we adopt the magistrate's findings of fact and, as outlined above, we adopt the magistrate's conclusions of law as modified. Therefore, we grant the OAPA's motion to dismiss.

*Motion to dismiss granted*;
*case dismissed.*

JAMISON and BOGGS, JJ., concur.

## **APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Clites A. Holloway, | : | |
| Relator, | : | |
| v. | : | No. 23AP-477 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 28, 2023

*Clites A. Holloway*, pro se.

*Dave Yost*, Attorney General, *B. Alexander Kennedy*, and *George Horvath*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

**{¶ 8}** Relator, Clites A. Holloway, has filed this original action requesting that this court issue a writ of mandamus that orders respondent, Ohio Adult Parole Authority, to correct the calculation of sanction days available to be used by respondent to a maximum of 365 days and to correct the calculation of days already served as a sanction to 209 days credit with only 156 days left to serve as sanction days.

Findings of Fact:

{¶ 9} 1. At the time of the filing of his complaint, relator was an inmate incarcerated at Lorain Correctional Facility, in Grafton, Ohio.

{¶ 10} 2. Respondent is a governmental agency responsible for, among other things, the release of criminal offenders from prison.

{¶ 11} 3. On August 8, 2023, relator filed a petition for writ of mandamus, requesting that this court order respondent to correct the calculation of sanction days available to be used by respondent to a maximum of 365 days and to correct the calculation of days already served as a sanction to 209 days credit with only 156 days left to serve as sanction days. Relator styled the complaint using his own name as relator.

{¶ 12} 4. On September 1, 2023, respondent filed a motion to dismiss relator's complaint based upon noncompliance with R.C. 2969.25(A), and (C), and 2731.04.

Conclusions of Law:

{¶ 13} The magistrate recommends that this court grant respondent's motion to dismiss relator's petition for writ of mandamus.

{¶ 14} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years. R.C. 2969.25 provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of

court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

* * *

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25 (A)(1) through (4), and (C)(1) and (2).

{¶ 15} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a complaint affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 16} In the present case, relator failed to file an affidavit as required by R.C. 2969.25(A). Relator also does not give any indication in his petition that he has filed no civil actions or appeals of a civil action in the previous five years in any state or federal

court. *See State ex rel. Jones v. Franklin Cty. Common Pleas Court Administrative Judge*, 10th Dist. No. 21AP-662, 2022-Ohio-1296, ¶ 8 (magistrate's decision) (finding that, if the inmate has no prior civil actions to list, no R.C. 2969.25(A) affidavit need be filed; in such cases, however, the inmate must file a statement with his complaint declaring that there are no prior civil actions to list; failure to include such a statement is grounds for dismissal under the same conditions as an incomplete or absent affidavit where one would be required), citing *Kachermeyer v. Tolson*, 10th Dist. No. 01AP-1186, 2002-Ohio-2092. Given the lack of an R.C. 2969.25(A) affidavit or any mention in his petition that he has filed no other civil actions or appeals in the preceding five years, relator has failed to comply with R.C. 2969.25(A).

{¶ 17} Furthermore, relator has failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. In this case, in contravention of R.C. 2969.25(C), relator did not file an affidavit that he is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. Relator also did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. The Supreme Court of Ohio has "affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1)." *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 8. Therefore, relator's failure to comply with R.C. 2969.25(C) is an additional ground for dismissal.

{¶ 18} Furthermore, R.C. 2731.04 provides that an "[a]pplication for the writ of mandamus must be * * * in the name of the state on the relation of the person applying." Although the failure to name the State of Ohio on the relation in a petition is grounds for dismissal, *see Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, ¶ 35-36, a relator may seek leave to amend the complaint to comply with R.C. 2731.04. *Id.* Here, relator did not follow R.C. 2731.04 when he failed to name the State of Ohio on the relation in his petition, and relator has not sought leave to amend his complaint to name the State of Ohio on the relation of relator.

{¶ 19} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the requirements of R.C. 2969.25 and 2731.04, this court should grant respondent's motion to dismiss relator's petition for writ of mandamus.


/S/ MAGISTRATE
THOMAS W. SCHOLL III


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.