[Cite as *State ex rel. Smalley v. Lauth*, 2024-Ohio-2824.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Aaron R. Smalley,     :

        Relator,     :

v.                                 No.  23AP-700

    :

Scarlett Lauth in her official capacity            (REGULAR CALENDAR)
as Hearing Officer for The Ohio Parole     :
Board et al.,

        Respondents.     :

---

D E C I S I O N

Rendered on July 25, 2024

---

**On brief:** *Aaron R. Smalley*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Matthew Convery*,
and *Salvatore P. Messina*, for respondents.

---

IN MANDAMUS

BEATTY BLUNT, J.

{¶ 1} On November 21, 2023, relator filed a complaint in the instant mandamus action, seeking a peremptory writ of mandamus to direct respondents, Scarlett Lauth, Danielle Droll, and Brandi Glore, to vacate the postrelease control violation hearing findings made by the Ohio Parole Board and to order a new violation hearing. Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, and on December 22, 2023, respondents filed a motion to dismiss relator's complaint. After briefing and on review, the magistrate recommended that we grant respondents motion to dismiss.

{¶ 2} Relator has not filed any objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other

evident defect.  *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223, ¶ 32-33 (adopting the magistrate's decision where no objections were filed).

{¶ 3}   As we have found no error of law or other defect on the face of the magistrate's decision, we adopt it as our own, including the findings of fact and conclusions of law as they are set forth in the decision.  In accordance with the magistrate's recommendation, the respondents' motion to dismiss is granted.

*Respondents' motion to dismiss granted;*
*action dismissed.*

JAMISON and LELAND, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Aaron R. Smalley, | : | |
| Relator, | : | |
| v. | : | No.  23AP-700 |
| | : | |
| Scarlett Lauth in her official capacity as Hearing Officer for The Ohio Parole Board et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 30, 2024

*Aaron R. Smalley*, pro se.

*Dave Yost*, Attorney General, *Matthew Convery*, and *Salvatore P. Messina*, for respondent.

IN MANDAMUS
ON RESPONDENTS' MOTION TO DISMISS

{¶ 4}   Relator, Aaron R. Smalley, has filed this original action requesting that this court issue a writ of mandamus ordering respondents, Scarlett Lauth, Danielle Droll, and Brandi Glore, to vacate the parole-violation-hearing findings made by the Ohio Parole Board ("OPB") and to order a new violation hearing. Respondents have filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 5}   1. At the time of the filing of his complaint, relator was an inmate incarcerated at Lorain Correctional Institution ("LCI"), in Grafton, Ohio.

{¶ 6}    2. On November 21, 2023, relator filed a petition for writ of mandamus. As alleged in relator's petition, respondent Lauth is a hearing officer for the OPB; respondent Droll is a member of the OPB; and respondent Glore is supervisor of the OPB.

{¶ 7}    3. In his petition, relator alleges the following: (1) a parole holder was placed on relator for alleged violations of his parole after he was accused of petty theft in the City of Cleveland Heights in case No. CRB2200907; (2) on September 22, 2023, he was released from the charges on a signature bond and became available to the Ohio Adult Parole Authority ("OAPA") for the alleged violation; (3) the OAPA served him with sanction paperwork on October 17, 2023; (4) Ohio Department of Rehabilitation and Corrections ("ODRC") Policy 105-PBD-09 requires that the OAPA officer serve the supervisee with violation paperwork within 15 business days from the date the supervisee becomes available to the OAPA; (5) because Droll failed to serve the violation paperwork in a timely manner, the OPB dismissed the violation pursuant to ODRC Policy 105-PBD-09; (6) relator was to be released from LCI but was not released due to a 10-day extension by Droll and Glore to investigate another violation; (7) on October 30, 2023, relator was informed he was to be transferred to a community-based correctional facility ("CBCF"), but relator refused to be transferred because there was no violation or sanction paperwork to justify his release to the CBCF, as required by Ohio Adm.Code 5120:1-1-17(D)(2); (8) on October 31, 2023, relator received another violation notice from Droll for allegedly being in contact with his ex-wife, the victim, via phone calls from LCI; (9) ODRC Policy 105-PBD-09 requires that the OAPA initiate an arrest within 10 business days of knowledge of the alleged violation behavior when addressing violation behavior that requires a violation hearing; (10) Glore violated his due process rights when she failed to serve his violation paperwork within 10 days, calculated from October 17 to October 31, 2023, which is 11 days; and (11) relator was held in custody past the allotted timeframes to be charged and brought to a violation hearing, and respondents acted with vindictiveness in holding him for additional time in custody while attempting to find some reason to violate him in order to justify the time he has already spent in custody with no violation or sanction.

{¶ 8}    Attached to the petition as Exhibit C is a notification of release violation hearing form, which indicates, in pertinent part, that on and after October 22, 2023, relator had contact with the victim of his current offense in violation of the terms of his release.

The form also explains relator's release-violation hearing rights at a hearing to be held on November 22, 2023. The form indicates the notification was served upon relator on October 31, 2023.

{¶ 9}   4. On December 22, 2023, respondents filed a motion to dismiss based upon Civ.R. 12(B)(6).

Conclusions of Law:

{¶ 10} The magistrate recommends that this court grant respondents' motion to dismiss relator's petition for a writ of mandamus.

{¶ 11} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A relator bears the burden of persuasion to show entitlement to a writ of mandamus by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, ¶ 26. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of evidence, but it does not extend the degree of certainty beyond a reasonable doubt as required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, ¶ 14.

{¶ 12} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). In addition, the trial court must presume all factual allegations contained in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Jones v.*

*Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 23, citing *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 13} The OAPA has broad discretion to impose conditions of release and impose release sanctions, which are designed to protect the public and promote successful reintegration into the community. R.C. 2967.03; Ohio Adm.Code 5120:1-1-17(A) and (B); *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.*, 81 Ohio St.3d 267, 268 (1998). The OAPA's discretion in parole matters is wide-ranging. *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, ¶ 26, citing *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, ¶ 28.

{¶ 14} Thus, courts have held that "technical errors in the parole revocation process do not rise to the level of a constitutional issue, and a parolee must show prejudice before we will find a due process violation." *Linton v. Walker*, 26 Fed. Appx. 381, 383 (C.A.6, 2001). *See, also Martineau v. Perrin*, 601 F.2d 1201, 1205 (C.A.1, 1979) (while complaint may have been carelessly worded, petitioner had actual notice of substance of charges; thus, technical and non-prejudicial variances between written notice and parole board's finding of violations did not violate due process).

{¶ 15} Parole-revocation proceedings and trial proceedings are distinct, and a parolee is not entitled to the same level of due-process protection as a trial defendant. Nevertheless, although a parolee facing revocation does not have the same due-process rights as does a trial defendant, the United States Supreme Court has established a minimum due process threshold for such proceedings. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court held that a parolee is entitled to certain due-process protections at a parole-revocation hearing. *Id.* at 488-90. These include written notice of the claimed violations of parole, disclosure to the parolee of evidence against him, an opportunity to be heard in person before a neutral and detached hearing body, the right

to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses under most conditions, and a written statement by the factfinder relating the evidence relied on and reasons for revoking parole. *Id.*

{¶ 16} The United States Supreme Court has suggested that due process requires sufficient evidence to support the revocation of parole, probation, or other types of postrelease supervision. *Mango* at ¶ 18, citing *Black v. Romano*, 471 U.S. 606, 615-16 (1985) (finding that the state trial court's decision to revoke an offender's probation satisfied due process, agreeing that there was sufficient evidence to support that the defendant had violated the conditions of his probation). There is sufficient evidence to sustain a revocation of parole when there is "substantial evidence" to support the decision. *Id.*, citing *State v. Delaney*, 11 Ohio St.3d 231, 236 (1984). There is "substantial evidence" to support a finding of a parole violation when the evidence presented by the parole authority, if believed, is sufficient to satisfy the burden of proof. *Id*, citing *Consol. Edison Co. of New York v. Natl. Labor Relations Bd.*, 305 U.S. 197 (1938) (finding that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion); and *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992) (finding substantial evidence is evidence with some weight; it must have importance and value).

{¶ 17} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. See *Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing State ex rel. Everhart v. McIntosh, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts

may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 18} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years. R.C. 2969.25 provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
>
> * * *
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate

is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25 (A)(1) through (4), and (C)(1) and (2).

ODRC Policy 109-PBD-05(IV) provides, in pertinent part, the following:

When addressing violation behavior that requires a violation hearing, the APA shall initiate an arrest within ten (10) business days of knowledge of the alleged violation behavior, unless Whereabouts Unknown Violator (WUVL) at Large, Parole Violator at Large (PVAL) or otherwise unavailable.

A. Violation Hearing Timeframe

1. When a supervisee who meets requirements for a hearing becomes available, the APA shall serve the supervisee with the Notice of Violation Hearing (DRC3304) within fifteen (15) business days, unless the supervisee is WUVL or PVAL status.

* * *

2. A violation hearing shall be conducted no later than twenty-five (25) business days from the date the supervisee becomes available unless the supervisee thereafter becomes unavailable as described in subsection VI.F.5 of this policy or a continuance is granted by the hearing officer. In the case of a violator at large who has left the state, the violation hearing shall be conducted no later than twenty-five (25) business days from the date of the supervisee's arrival in the state of Ohio, unless the supervisee becomes unavailable.

{¶ 19} In the present case, respondents present the following two grounds for dismissal: (1) relator failed to comply with the mandatory requirements of R.C. 2969.25(A); and (2) relator was afforded the necessary due process and fails to state a claim upon which

relief can be granted. With regard to the first ground, respondents claim that relator failed to file an affidavit that details each civil action he filed in the previous five years in any state or federal court pursuant to R.C. 2969.25(A). It is true that when an inmate files a civil action against a governmental entity or employee, R.C. 2969.25(A) requires the inmate to file an affidavit listing each civil action or appeal of a civil action the inmate has filed in the past five years. However, as this court has recently held, "[w]here an inmate has not filed any civil actions in the previous five years, there is nothing in R.C. 2969.25(A) to require the inmate to file an affidavit stating as much." *State ex rel. Diewald v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 23AP-89, 2023-Ohio-4396, ¶ 9, citing *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 5. "Thus, where an inmate has not filed an affidavit and the respondent has not shown, and the record does not demonstrate, the existence of any prior filing by the inmate that would trigger the applicability of R.C. 2969.25(A), dismissal for the inmate's failure to file an affidavit is not appropriate." *Holloway v. Ohio Adult Parole Auth.*, 10th Dist. No. 23AP-477, 2024-Ohio-1248, ¶ 5-6, citing *Diewald* at ¶ 10. Here, although relator did not file an affidavit listing all prior civil actions in the past five years, respondents have not identified any prior filing by relator in the past five years exists that would trigger the applicability of R.C. 2969.25(A). Therefore, R.C. 2969.25(A) is not a ground for dismissal.

{¶ 20} Respondents' second ground for dismissal of relator's petition is that relator cannot show that he was denied due process when respondents found he committed a release violation. In his petition, relator alleges that on October 31, 2023, he received a violation notice from Droll for allegedly being in contact with his ex-wife via phone calls from LCI. Citing ODRC Policy 105-PBD-09, relator claims Glore violated his due process rights when she failed to serve his violation paperwork within 10 days, calculating the period from October 17, to October 31, 2023. However, relator cannot rely upon the provisions in ODRC Policy 105-PBD-09 to support his claim that respondents violated his due process rights. In *State ex rel. Shie v. Ohio Adult Parole Auth.*, 167 Ohio St.3d 450, 2022-Ohio-270, the Supreme Court of Ohio found the following:

> Shie asks for a writ of mandamus ordering the APA to abide by its internal policy governing the postrelease-control-violation hearing process. Specifically, Shie cites ODRC Policy 105-PBD-09 * * *.

> Shie is not entitled to the requested relief. He relies solely on ODRC Policy 105-PBD-09 as the source of the alleged duty he seeks to enforce. But the creation of a duty enforceable in mandamus is the function of the legislative branch of government. *State ex rel. Clough v. Franklin Cty. Children Servs.*, 144 Ohio St.3d 83, 2015-Ohio-3425, 40 N.E.3d 1132, ¶ 15. An internal policy of an agency does not create a legal duty enforceable in mandamus. *See id.*; *see also State ex rel. Aaron's, Inc. v. Ohio Bur. of Workers' Comp.*, 148 Ohio St.3d 34, 2016-Ohio-5011, 68 N.E.3d 757, ¶ 26. * * * Accordingly, Shie has not shown the existence of a clear legal right or clear legal duty enforceable in mandamus.

*Id.* at ¶ 10-11. Therefore, in the present case, ODRC's internal policy 105-PBD-09 does not create a legal duty enforceable in mandamus.

{¶ 21} The magistrate notes that the portion of ODRC Policy 105-PBD-09(IV) quoted above provides three general time limitations: (1) the OAPA must initiate an arrest within 10 business days of knowledge of the alleged violation behavior; (2) when a supervisee who meets requirements for a hearing becomes available, the OAPA shall serve the supervisee with the notice of violation hearing within 15 business days; and (3) a violation hearing must be conducted no later than 25 business days from the date the supervisee becomes available. The allegations in relator's petition are somewhat unclear as to which time limitations he is claiming were violated. Notwithstanding, although relator calculates the first day of knowledge of the alleged violation as being October 17, 2023, the notification of release violation hearing, attached as Exhibit C to the petition, indicates that relator had contact with the victim of his current offense, in violation of the terms of his release, on and after October 22, 2023. Furthermore, the notification of release violation hearing form was served upon relator on October 31, 2023, at which time he was already incarcerated at LCI based upon the first release violation. The violation hearing was then held on November 22, 2023. Thus, respondents would have been within the 10-, 15-, and 25-day policies set forth in ODRC Policy 105-PBD-09.

{¶ 22} Finally, the exhibits attached to the petition demonstrate that relator was provided the minimum due process for a supervisee facing revocation, i.e., written notice of the claimed violations of parole, disclosure to the parolee of evidence against him, an opportunity to be heard in person before a neutral and detached hearing body, the right to present witnesses and documentary evidence, the right to confront and cross-examine

adverse witnesses under most conditions, and a written statement by the factfinder relating the evidence relied on and reasons for revoking parole.

{¶ 23} For all of the above reasons, even assuming all of the factual allegations included in the complaint are true, and making all reasonable inferences in favor of relator, relator cannot show that he has a clear legal right to the relief sought.

{¶ 24} Accordingly, it is the magistrate's recommendation that this court should grant respondents' motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.