DECISION
{¶ 1} Relator, Eric Archie, filed this original action seeking writs of mandamus, prohibition and habeas corpus. In accord with Loc.R. 12, the case was referred to a magistrate to conduct appropriate proceedings.
 {¶ 2} On July 30, 2007, the magistrate filed a magistrate's decision (attached as Appendix A) which includes a recommendation that we dismiss the case because relator *Page 2 
has not complied with R.C. 2969.25 which limits when an inmate can file civil suits without prepayment of costs and which requires that inmates file an affidavit listing other civil cases filed by the inmate.
 {¶ 3} On August 6, 2007, relator filed objections to the magistrate's decision. The case is now before the court for review.
 {¶ 4} In his objections to the magistrate's decision, relator does not contest the fact that he has not paid the filing fees for his case. He also does not assert that he has submitted an affidavit listing the other civil cases he has filed. No offer to pay filing fees later was made once he learned how much the filing fees were.
 {¶ 5} Since relator clearly has not provided the filing fees and required information, the objections to the magistrate's decision are overruled. We adopt the findings of fact and conclusions of law contained in the magistrate's decision. We dismiss the case without prejudice.
Case dismissed.
 SADLER, P.J., and McGRATH, J, concur. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION {¶ 6} Relator, Eric Archie, seeks various writs from this court on grounds that the trial court acted inappropriately. Specifically, relator asserts that he was denied a speedy trial, access to courts, due process, equal protection, the right to be free from cruel and unusual punishment, and that the trial court deviated from the sentencing range. *Page 4 
Findings of Fact: {¶ 7} 1. Relator is an inmate incarcerated at the Southern Ohio Correctional Institution.
 {¶ 8} 2. In June 2007, relator filed a complaint in this court asserting that the trial court acted inappropriately and that he should be released from incarceration.
 {¶ 9} 3. In July 2007, respondent, "State of Ohio Ronald J. O'Brien," filed a motion to dismiss on grounds that relator failed to comply with the requirements of R.C. 2969.25.
 {¶ 10} 4. Relator has not filed a memorandum contra to respondent's motion.
 {¶ 11} 5. The matter is currently before the magistrate.
Conclusions of Law: {¶ 12} For the reasons that follow, this court should grant respondent's motion and dismiss relator's action.
 {¶ 13} First, relator has not paid filing fees, nor has he fulfilled the requirements in R.C. 2969.25 for payment of fees from his inmate account in installments. In addition, relator has not complied with other requirements of R.C. 2969.25.
 {¶ 14} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal. In the present action, relator has not filed the required affidavit.
 {¶ 15} In regard to filing fees, R.C. 2969.25(C) and 2969.22
distinguish between *Page 5 
paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1]
Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.
 {¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel. Washington v. Ohio Adult ParoleAuth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio ParoleBd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285.
 {¶ 17} In the present action, relator has not filed the required affidavit regarding his other civil actions, if any. In addition, relator has not filed an affidavit of indigency that includes the required information and, thus, he cannot qualify for payment of fees in installments from his prison account. Therefore, dismissal of the complaint is warranted.
 {¶ 18} The magistrate, accordingly, recommends that the court grant the motion to dismiss this action.
[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid. *Page 1