THE STATE EX REL. WICKENSIMER, APPELLANT, *v.* BARTLESON, APPELLEE.

[Cite as *State ex rel. Wickensimer v. Bartleson,*

123 Ohio St.3d 154, 2009-Ohio-4695.]

*Mandamus — R.C. 2969.25(A) — Requirement that inmate filing civil action against government also file affidavit describing any such actions filed by inmate within previous five years — Inmate who has not filed such action within past five years not required to file affidavit.*

(No. 2009-0755 ─ Submitted September 2, 2009 ─ Decided September 16, 2009.)

APPEAL from the Court of Appeals for Lucas County,

No. L-09-1049, 2009-Ohio-1477.

_____

**Per Curiam.**

**{¶ 1}** We reverse the judgment of the court of appeals dismissing the mandamus petition of appellant, Brian Wickensimer, for failure to comply with R.C. 2969.25(A), and remand the cause to that court for further proceedings on the petition.

**{¶ 2}** A failure to comply with the requirements of R.C. 2969.25 justifies dismissal of an extraordinary-writ action. *State ex rel. Grissom v. McGookey*, 108 Ohio St.3d 491, 2006-Ohio-1506, 844 N.E.2d 841, ¶ 4. R.C. 2969.25(A) requires that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

**{¶ 3}** To determine the legislative intent behind this provision, we "read words and phrases in context and construe them in accordance with rules of grammar and common usage." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d

409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 11. The plain language of the statute includes no requirement that inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the requisite five-year period file this affidavit. We cannot add a requirement that does not exist in the statute. See *State ex rel. Lorain v. Stewart*, 119 Ohio St.3d 222, 2008-Ohio-4062, 893 N.E.2d 184, ¶ 36, and cases cited therein.

{¶ 4} Previous holdings imply this interpretation of R.C. 2969.25(A). See *State ex rel. Kimbro v. Glavas*, 97 Ohio St.3d 197, 2002-Ohio-5808, 777 N.E.2d 257, ¶ 3 (inmate relator "fails to assert that he has not filed any civil actions in the previous five years or that R.C. 2969.25(A) is otherwise inapplicable"). In addition, courts of appeals have expressly held that R.C. 2969.25(A) is not violated under these circumstances. *Hill v. Ohio Adult Parole Auth.*, Franklin App. No. 05AP-1086, 2006-Ohio-1299, ¶ 6 ("if an inmate has not filed any civil actions in the previous five years, R.C. 2969.25(A) does not require him to file an affidavit"); *Rushing v. Haskins* (1999), Noble App. No. 255, 1999 WL 61043, *2 (R.C. 2969.25(A) "does not specifically require an inmate to file an affidavit stating that he has *not* filed any civil actions within the last five years" [emphasis sic]). Notably, the record contains no evidence – and appellee does not claim – that Wickensimer filed any specified action within the five-year period before he filed his mandamus action.

{¶ 5} Finally, appellee's reliance on *Church v. Ohio Dept. of Rehab. & Corr.* (June 15, 1999), Franklin App. No. 98AP-1222, 1999 WL 394891, is misplaced. In *Church*, the court of appeals held that although no affidavit was required by R.C. 2969.25(A), "a written statement affirming that no prior actions subject to disclosure exist *should* in fact be filed." (Emphasis added.) Id. at *5; *Hill*, at ¶ 6. But the court of appeals in *Church* and *Hill* did not suggest that this "statement" was *required* by R.C. 2969.25(A); it merely held that such a

statement *should* be filed. Again, nothing in the plain statutory language requires such a statement.

**{¶ 6}** Therefore, the court of appeals erred in dismissing Wickensimer's mandamus petition based on noncompliance with R.C. 2969.25(A). The judgment is thus reversed, and the cause is remanded for further proceedings on the petition.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

————————————

Brian Wickensimer, pro se.

Richard Cordray, Attorney General, and Melissa Montgomery, Assistant Attorney General, for appellee.

————————————