[Cite as *Banks v. Rocco*, 2013-Ohio-4048.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100076**

## JUAN BANKS

RELATOR

vs.

## ANDREA ROCCO

RESPONDENT

**JUDGMENT:**
WRIT DISMISSED

Writ of Mandamus
Motion No. 466842
Order No. 467724

**RELEASE DATE:** September 16, 2013

**FOR RELATOR**

Juan Banks, pro se
Inmate No. 603-214
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1}   On July 2, 2013, the relator, Juan Banks, commenced this mandamus action against the respondent, Cuyahoga County Clerk of Courts Gerald Fuerst,[1] to compel the clerk to send him records relating to his criminal conviction, including (1) all criminal complaints, (2) all original police statements, (3) all witness statements, (4) all summonses, (5) all subpoenas, (6) all affidavits, (7) all jurats, (8) the verdict form, (9) jury notes, (10) judgment entries, and (11) all trial and pretrial transcripts.[2]   On July 23, 2013, the respondent clerk filed a motion to dismiss.   Banks never filed a response. For the following reasons, this court grants the motion to dismiss and dismisses the application for a writ of mandamus.

{¶2}   Banks did not fulfill a statutory prerequisite for obtaining records from his criminal case.   The Ohio Public Records statute, R.C. 149.43(B)(8), provides that a person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction to inspect or obtain copies of any public records concerning a criminal investigation or prosecution unless the judge who imposed the sentence or the judge's successor in office finds that the information sought in the public records is necessary to support what appears to be a justiciable claim of the person.

_____

[1] In a prior entry, we recognized that Andrea Rocco has succeeded Gerald E. Fuerst as Clerk of Courts and instructed the clerk to substitute Andrea Rocco as the respondent and to change the caption accordingly.   *See* Civ.R. 25(D)(1).

[2] In *State v. Banks*, Cuyahoga C.P. No. CR-546456, a jury found Banks guilty of murder with firearm specifications.

Although Banks states in his complaint that the records are sought to support habeas corpus petitions, he does not aver, much less establish, that he has obtained the required permission from the judge. Accordingly, the respondent has no duty to provide access or copies to Banks.

{¶3} Moreover, a mandamus petition, especially one filed by a prisoner, must have certain formal elements in order to be effective and not subject to summary dismissal. R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." In other words, a petitioner must begin his mandamus caption with "State ex rel." Additionally, Civ.R. 10(A) requires that the caption include the addresses of all the parties.

{¶4} When an inmate commences a civil action or appeal against a government entity or employee, R.C. 2969.25(A) requires an affidavit describing each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. However, the Supreme Court of Ohio has indicated that the affidavit need not be filed, if the inmate has not commenced any such actions. *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, 914 N.E.2d 1045. Similarly, pursuant to R.C. 2969.25(C), if an inmate seeks waiver of the filing fee, the poverty affidavit must contain a certified statement from the prison cashier setting forth the balance in the inmate's private account for each of the preceding six months. The failure to comply with this statute subjects an inmate's action to dismissal. Indeed, belated attempts to cure these deficiencies may be ineffective. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47.

{¶5} For writ actions filed in the Eighth District, Loc.App.R. 45(B)(1)(a) requires the petitioner to support the complaint with an affidavit "specifying the details of the claim." A "swear to everything" affidavit is insufficient to fulfill this requirement. *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402. This court notes that Banks's petition did not comply with many, if not all, of these requirements. Potential petitioners are well advised to comply with the special rules of writ pleading to avoid summary dismissal.

{¶6} Accordingly, this court grants the respondent's motion to dismiss and dismisses the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶7} Writ dismissed.

_____

MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR