**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Walker v. Ballinger*, Slip Opinion No. 2024-Ohio-181.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-181

THE STATE EX REL. WALKER, APPELLANT, *v.* BALLINGER, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Walker v. Ballinger*, Slip Opinion No. 2024-Ohio-181.]**

*Mandamus—Inmate's complaint challenging conviction does not state a claim upon which mandamus relief may be granted—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2023-0663—Submitted December 12, 2023—Decided January 23, 2024.)

APPEAL from the Court of Appeals for Marion County, No. 9-23-09.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Keith Walker, appeals the Third District Court of Appeals' judgment dismissing his complaint for a writ of mandamus under Civ.R. 12(B)(6). Walker requested a writ ordering appellee, Marion Municipal Court Judge Teresa Ballinger, to vacate a judgment convicting him of domestic violence. We affirm the Third District's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Walker was charged with misdemeanor domestic violence in 2020. He appeared at a plea hearing by videoconference in May 2020, during the early stages of the COVID-19 pandemic. Walker alleges that (1) he and his counsel appeared for the hearing by video from his counsel's office and (2) the prosecutor and alleged victim appeared by video from the prosecutor's office. Walker also alleges that no municipal-court judge was present for the plea hearing and that the prosecutor himself purported to accept Walker's plea and sentence him. Walker received the maximum sentence allowed by law.

{¶ 3} Walker filed in the municipal court a motion to vacate his guilty plea, arguing that the plea and the judgment of conviction were "void" because there had been no judge present at the hearing and the prosecutor had purported to act in place of the judge. Judge Ballinger denied the motion, finding based on her review of the record that Walker's allegations were false. According to Judge Ballinger's findings, an acting judge of the municipal court—not the prosecutor—presided over Walker's plea hearing, accepted his plea, and sentenced him.

{¶ 4} In February 2023, Walker, while incarcerated, filed a complaint for a writ of mandamus in the Third District. Walker requested a writ ordering Judge Ballinger to vacate his conviction as an "illegal and void judgment." Judge Ballinger filed a motion to dismiss under Civ.R. 12(B)(6), which Walker opposed. In her motion, Judge Ballinger argued that (1) Walker's complaint did not state a claim for relief under any possible theory and (2) Walker had not complied with R.C. 2969.25(A), which requires an inmate commencing a civil action in a court of appeals to file an affidavit listing each civil action or appeal he had filed in the previous five years.

{¶ 5} The court of appeals granted Judge Ballinger's motion and dismissed Walker's complaint. The court agreed that Walker had failed to submit the affidavit required by R.C. 2969.25(A). In addition, the court determined that Walker's claim

was not cognizable in mandamus. Even if the trial court's acceptance of the plea was improper, the court of appeals determined, "such error is a nonjurisdictional matter that [Walker] could have raised on direct appeal." Walker has appealed to this court as of right.

## II. ANALYSIS

{¶ 6} Walker raises two issues in this appeal. First, he argues that the court of appeals erred in dismissing the action based on a failure to comply with R.C. 2969.25(A)'s affidavit requirement. Second, Walker argues that the court erred in holding that he failed to state a cognizable claim in mandamus. Walker's first argument has merit, but his second does not.

### A. R.C. 2969.25(A)

{¶ 7} Under R.C. 2969.25(A), an inmate who commences a civil action or appeal in a court of appeals against a government entity or employee must file an affidavit describing "each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." An inmate's failure to comply with R.C. 2969.25(A) justifies dismissal of an action seeking an extraordinary writ. *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, 914 N.E.2d 1045, ¶ 2.

{¶ 8} Walker argued in the court of appeals that he did not have to submit an R.C. 2969.25(A) affidavit, because he had filed no other civil actions within the past five years. The court of appeals rejected this argument, citing *State ex rel. Williams v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 22AP-662, 2023-Ohio-850, for the proposition that Walker had to "file a statement with his complaint declaring that there [were] no prior civil actions to list," *id.* at ¶ 15. Given the absence of either an affidavit or "any mention in the complaint that he ha[d] filed no other civil actions or appeals in the preceding five years," the court of appeals held that Walker had failed to comply with R.C. 2969.25(A).

{¶ 9} The court of appeals erred in so holding because the *Williams* decision upon which it relied is inconsistent with our precedent. In *Wickensimer*, this court reversed a court of appeals' judgment dismissing a mandamus petition for a failure to comply with R.C. 2969.25(A). *Wickensimer* at ¶ 1. "The plain language of the statute," we held, "includes no requirement that inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the requisite five-year period file a [R.C. 2969.25(A)] affidavit." *Id.* at ¶ 3. Similarly, the statute does not require a statement that the inmate has filed no such civil action or appeal. *Id.* at ¶ 5. The court of appeals erred in requiring more from Walker than the statute does.

{¶ 10} Judge Ballinger suggests that the court of appeals' finding of noncompliance with R.C. 2969.25(A) is nonetheless correct because Walker did not identify *State v. Walker*, 3d Dist. Marion No. 9-20-46, an appeal commenced by him that was later dismissed. Judge Ballinger attaches to her merit brief a copy of the court of appeals' judgment entry dismissing that appeal on April 5, 2021. However, "[a] reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter." *State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, 159 N.E.3d 1121, ¶ 16. And in any event, it is not clear whether that case was an appeal in a criminal or civil case, and R.C. 2969.25(A) requires disclosure of only *civil* actions or appeals an inmate has filed in the previous five years.

*B. Mandamus*

{¶ 11} We review de novo a court of appeals' dismissal of a mandamus complaint under Civ.R. 12(B)(6). *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. To obtain a writ of mandamus, Walker must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Ballinger to provide it, and the lack of an adequate remedy in the ordinary course of the law. *Id.* at ¶ 9. The court of appeals correctly dismissed

4

the action under Civ.R. 12(B)(6) if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in Walker's favor, it appears beyond doubt that he could prove no set of facts entitling him to a writ of mandamus. *Id.* at ¶ 8.

{¶ 12} Walker does not dispute that the municipal court had subject-matter jurisdiction over his criminal case and personal jurisdiction over him. Rather, his theory of relief is that his misdemeanor domestic-violence conviction is void because the municipal court did not, in fact, accept his plea and enter judgment. This is so, Walker posits, because no judge was present when he entered his plea and the prosecutor himself purported to find Walker guilty and sentence him. But this theory does not state a valid claim for relief in mandamus.

{¶ 13} Walker is essentially arguing that his guilty plea is invalid, which is not a claim cognizable in mandamus. *See State ex rel. Mitchell v. Pittman*, 169 Ohio St.3d 357, 2022-Ohio-2542, 204 N.E.3d 534, ¶ 15. At most, Walker's argument raises a nonjurisdictional defect for which he had an adequate remedy in the ordinary course of the law. *See Pollock v. Morris*, 35 Ohio St.3d 117, 518 N.E.2d 1205 (1988) (validity of a guilty plea is a nonjurisdictional matter that should be raised on appeal or in postconviction proceedings). The court of appeals was therefore correct to dismiss Walker's complaint for failing to state a claim upon which mandamus relief could be granted.

### III. CONCLUSION

{¶ 14} Walker's complaint failed to state a claim upon which mandamus relief could be granted. We therefore affirm the judgment of the Third District Court of Appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————

Keith Walker, pro se.

Mark A. Russell, Marion Law Director, and Kathryn A. McCarthy, Assistant Law Director, for appellee.

————————————