[Cite as *State ex rel. McKee v. O'Shaughnessy*, 2024-Ohio-1756.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. David McKee, | : | |
| Relator, | : | |
| v. | : | No. 23AP-431 |
| Maryellen O'Shaughnessy<br>Clerk of Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on May 7, 2024

**On brief:** *David McKee*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Thomas W. Ellis*, for respondent.

IN MANDAMUS

JAMISON, J.

{¶ 1} Relator, David McKee, brought this original action seeking a writ of mandamus ordering respondent, Maryellen O'Shaughnessy, Clerk of Court of Common Pleas, to provide him with a copy of the judgment entry in a criminal case involving relator.

{¶ 2} Pursuant to Civ.R.53 and Loc.R.13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate who has issued a decision including findings of fact and conclusions of law and is appended hereto.

## I. Facts and Procedural History

{¶ 3} Relator was an inmate incarcerated at the Grafton Correctional Institution at the time he filed this action but has since been released. On June 29, 2023, relator

requested the respondent to send him a copy of judgment entries in his case, Franklin C.P. No. 19CR-4996, alleging he was never served a copy of the documents.

{¶ 4} On July 5, 2023, the respondent instructed relator to obtain written permission from the sentencing court pursuant to R.C. 149.43(B). On July 19, 2023, relator filed a complaint purporting to be a writ of mandamus, again requesting a copy of the sentencing judgment entry.

{¶ 5} On August 21, 2023, respondent filed a motion to dismiss relator's complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted.

{¶ 6} On August 29, 2023, the magistrate recommended dismissal of relator's action because relator failed to comply with the requirements of R.C. 2969.25(A) and (C). The magistrate provided notice to relator of the opportunity, under Civ.R. 53(D)(3), to object to the findings of fact and conclusions of law in the decision. Relator did not file objections.

{¶ 7} On September 7, 2023, relator filed a document captioned as "motion to dismiss respondent's motion to dismiss relator's writ of mandamus and this cause of action." Relator signed the certificate of service on August 30, 2023. The magistrate's decision was mailed to relator through regular U.S. mail service on August 29, 2023. Relator's motion to dismiss filed September 7, 2023 is not construed as an objection to the magistrate's decision.

## II. Standard of Review

{¶ 8} Mandamus relief is appropriate only if the relator establishes "a clear legal right to the relief requested, a clear legal duty on the part of the commission * * * to provide the relief, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Baker v. Indus. Comm.*, 143 Ohio St.3d 56, 2015-Ohio-1191, ¶ 12. (To be entitled to a writ of mandamus, relator must show: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of appellees to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law.). *State ex rel. Thompson v. Gonzalez*, ___ Ohio St.3d ___, 2024-Ohio-897, ¶ 11, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6.

### III. Legal Analysis

{¶ 9}  The magistrate recommended the sua sponte dismissal of relator's complaint on two independent bases: (1) his failure to comply with R.C. 2969.25(A) and (2) his failure to comply with R.C. 2969.25(C).  The magistrate also addressed the fact that relator had not filed either a list of prior civil actions filed in the previous five years, pursuant to R.C. 2969.25(A), or a statement that he has not filed any prior civil actions and used it as grounds for dismissal.  However, if an inmate has not filed any prior civil actions in the previous five years, he is not required to submit such a statement.  *State ex rel. Diewald v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 23AP-89, 2023-Ohio-4396, ¶ 9, citing *State ex rel. Wickensimer v. Bartleson,* 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 5.  Thus, where an inmate has not filed an affidavit and the respondent has not shown, and the record does not demonstrate, the existence of any prior filing by the inmate that would trigger the applicability of R.C. 2969.25(A), dismissal for the inmate's failure to file an affidavit is not appropriate.  *Id.* at ¶ 10.  We decline to use R.C. 2969.25(A) as grounds for dismissal.

{¶ 10}  There is a distinction between paying the filing fees at filing, referred to as the prepayment of fees, and paying the fees from installment payments from an inmate's account.  *State ex rel. Archie v. State*, 10th Dist. No. 07AP-528, 2007-Ohio-5408.  If the fee is not prepaid, R.C. 2969.25(C) requires an inmate to submit affidavits and statements detailing the inmate's account for the previous six months, and all other cash and things of value owned by the inmate.  R.C. 2969.25(C) then allows an inmate to pay filing fees in installment payments.

{¶ 11} This court has found that filing requirements of R.C. 2969.25(C) are mandatory and strict compliance is required.  *State ex rel. Walker v. Bolin*, 10th Dist. No. 23AP-156, 2024-Ohio-20, ¶ 15, citing *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6.  Substantial compliance is not sufficient to survive a motion to dismiss.  *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9.  Here, appellant failed to file a cashier's statement containing all information required by R.C. 2969.25(C).  He did not file a statement of his inmate account that sets forth the balance in the account for each of the preceding six months, as certified by the institutional cashier.

**IV. Conclusion**

{¶ 12} No objections have been filed in this matter. After conducting a review of the magistrate's decision, we adopt the magistrate's findings of fact, but find that the magistrate's conclusions of law relating to R.C. 2969.25(A) include an obvious legal error and should not be adopted. We find that there is no error of law or other defect on the face of the magistrate's decision relating to R.C. 2969.25(C). We adopt these conclusions of law, sua sponte dismiss relator's complaint for writ of mandamus, and render the motion to dismiss moot.

*Writ of mandamus sua sponte dismissed;*
*motion to dismiss moot.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. David McKee, | : | |
| Relator, | : | |
| v. | : | No. 23AP-431 |
| Maryellen O'Shaughnessy<br>Clerk of Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 29, 2023

---

*David McKee*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Thomas W. Ellis*, for respondent.

---

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 13} Relator, David McKee, has filed this original action seeking a writ of mandamus compelling respondent, Maryellen O'Shaughnessy, Franklin County Clerk of Courts, to send relator a copy of judgment entries associated with Case No. 19CR-4996.

## I. Findings of Fact

{¶ 14} 1. At the time of the filing of this action, relator was an inmate incarcerated at the Grafton Correctional Institution in Grafton, Ohio.

{¶ 15} 2. Respondent is a public official currently serving as the Franklin County Clerk of Courts.

{¶ 16} 3. On July 19, 2023, relator filed a complaint in this matter. In his complaint, relator made the following allegations:

> Respondent has failed to perform its clear legal duty by sending Relator a copy of the judgment entry involving Case No. 19CR4996. Respondent has never forward the Relator none of the trial court's judgment entries, as to where Relator could file a notice of appeal or delayed appeal, without any judgment entry, Relator could not file any appeal to this Court. Respondent feels that Relator must seek permission from the sentencing judge in order for the judgment entries to be release to Relator.

(Sic passim.) (Compl. at 1.)

{¶ 17} 4. Relator further stated:

> Relator bring this writ of mandamus against Respondent Clerk of Court Maryellen O'Shaughnessy to compel her to send Relator a copy of his judgment entries, where Respondent had failed to forward Relator any copies thereof under Civil Rule 58. Relator further complains that Respondent has failed to perform her clear legal duty by failing to issue the court's final judgment thereof involving sentencing and its recommendations.
>
> * * *
>
> Please note: An complete mandamus will be filed if this clerk office fail to perform its clear legal duty, because it was the failure of this clerk office under civil 58 failure to forward Relator any copy of the judgment and sentencing gentries involving Relator.

(Sic passim.) (Compl. at 2.)

{¶ 18} 5. Attached to relator's complaint was a letter directed to "Clerk" dated July 11, 2023 in which relator states the following:

> On July 5, 2023, I received a letter from this office informing me that I sent or submitted a request for public request under [R.C.] 149.43(B). However, this office must have missed understood my request. My request was for this office to send me a copy of the sentencing judgment entry pertaining to Case No. 19CR4996, because this office had failed to send or serve upon me a copy of the sentencing entry, in order for me to

> appeal this Court's decision. * * * An example of the writ of mandamus will be filed against this clerk's office if I am furthered delayed from this office performing it's clear legal duty. See Attachment.

(Sic passim.) (Compl. at 3.)

{¶ 19} 6. On August 21, 2023, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).[1]

{¶ 20} 7. On August 23, 2023, relator filed a motion for leave requesting extension of time. Respondent filed a response to relator's motion on August 28, 2023.

## II. Discussion and Conclusions of Law

{¶ 21} In his complaint, relator seeks a writ compelling respondent to provide him with certain judgment entries. Before proceeding, some procedural peculiarities merit mention. Upon review of relator's filings, it is unclear whether relator intended to file the complaint that is the subject of this action in mandamus, or whether the complaint was intended to serve a merely illustrative purpose when read in conjunction with the letter included with the complaint in relator's July 19, 2023 submission. Indeed, the letter itself appears to refer to the complaint as an "example" and an "[a]ttachment." (Compl. at 3.) Further complicating this question is relator's failure to pay the filing fees for the initiation of this action or to file an affidavit of indigency, as will be discussed further infra. However, in his August 23, 2023 motion, relator did seek an extension of time "to prepare his brief and pleadings" and "to amend his writ of mandamus to comply with the Local Rules of this Court and to comply with R.C. 2969.25(C)." (Relator's Mot. at 1.) As relator's latest filing evinces an intent to proceed with this action, the magistrate considers the sufficiency of the complaint together with the attached letter. To that end, it is necessary to turn to the question of whether the complaint meets the statutory requirements applicable to civil actions or appeals initiated by inmates.

## A. Inmate Filing Requirements

{¶ 22} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex*

---

[1] The magistrate notes that copies of two entries in Case No. 19CR-4996 dated March 16, 2023 and July 6, 2023 were attached to respondent's motion to dismiss.

*rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply warrants dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 23} Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5. With regard to the requirements for an affidavit of indigency, the statute provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C).

{¶ 24} Substantial compliance with the requirements of R.C. 2969.25(A) and (C) is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint for failing to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 25} A review of relator's complaint reveals multiple deficiencies in meeting the requirements of R.C. 2969.25. First, relator's complaint did not include an affidavit of prior civil actions pursuant to R.C. 2969.25(A) or a statement indicating that relator has not filed any civil actions or appeals within the previous five years in any state or federal court. Relator is not required to file an affidavit pursuant to R.C. 2969.25(A) if no civil action or appeal has been filed within the statutory time period. *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695, ¶ 3. In the event an inmate has no qualifying actions or appeals under R.C. 2969.25(A), however, this court has held that an inmate must "file a statement that [the inmate] has not filed any such civil actions or appeals." *State ex rel. Williams v. Ohio Adult Parole Auth.*, 10th Dist. No. 22AP-662, 2023-Ohio-850, ¶ 4. *See Kachermeyer v. Tolson*, 10th Dist. No. 01AP-1186, 2002-Ohio-2092. Because relator failed to provide a written statement or otherwise indicate in his complaint that he has not filed any civil action or appeal of a civil action in the previous five years in any state or federal court, his complaint must be dismissed.

{¶ 26} Additionally, relator has not paid the filing fee for this action or filed with the complaint an affidavit of indigency in compliance with R.C. 2969.25(C). In his August 23, 2023 motion, relator sought additional time "to amend his writ of mandamus * * * to comply with R.C. 2969.25(C)." (Relator's Mot. at 1.) However, as previously stated, the failure to comply with the requirements of R.C. 2969.25 cannot be cured by amendment or a filing subsequent to the complaint. *Young* at ¶ 9. Thus, relator's failure to comply with the requirements of R.C. 2969.25(C) provides another ground for dismissal. *Williams* at ¶ 4.[2]

{¶ 27} Finally, although relator's complaint must be dismissed for failing to comply with the requirements of R.C. 2969.25, the magistrate finds it appropriate—especially in light of the questions regarding the initiation of this action—to note that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5.

## B. Conclusion

{¶ 28} Accordingly, it is the decision and recommendation of the magistrate that relator's complaint should be sua sponte dismissed. The following motions are rendered moot: respondent's August 21, 2023 motion to dismiss; and relator's August 23, 2023 motion for leave requesting extension of time.

---

[2] Relator's complaint also appears to not comply with the signature requirement contained in Civ.R. 11. In pertinent part, Civ.R. 11 provides:

> A party who is not represented by an attorney shall sign, by electronic signature or by hand, the pleading, motion, or other document * * *. The signature of an attorney or *pro se* party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served.

Here, relator's complaint itself does not bear a signature, either electronic or by hand. However, the letter attached to relator's complaint bears relator's typewritten name and address at the end. Given relator's failure to comply with R.C. 2969.25(A), it is not necessary to consider the impact of any noncompliance with Civ.R. 11. *See Turner v. Turner*, 8th Dist. No. 112821, 2023-Ohio-2187, ¶ 8 (dismissing complaint sua sponte due to its "many procedural defects" including, among others, "the failure to sign the complaint"); *Day's Constr. Co. v. Rosenstock*, 10th Dist. No. 94APG02-254, 1994 Ohio App. LEXIS 5003 (Nov. 1, 1994) (stating that "the striking of a pleading for failure of a party or the party's attorney to comply with the signature requirement of Civ.R. 11 is not mandatory").

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.