[Cite as *Carlton v. Palmer*, 2025-Ohio-5216.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

DEJUAN CARLTON,

Petitioner,

v.

BRYANT PALMER, JR.,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0069**

---

Writ of Habeas Corpus

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Mary Catherine Corrigan*, for Petitioner

*Atty. Dave Yost*, Ohio Attorney General, and *Atty. Lisa K. Browning*, Assistant Ohio Attorney General, for Respondent.

Dated: November 13, 2025

**PER CURIAM.**

{¶1}    Petitioner Dejuan Carlton has filed a petition for a writ of habeas corpus seeking immediate release from the Ohio State Penitentiary.  Petitioner was convicted in the Stark County Court of Common Pleas in 2011 of aggravated murder and aggravated robbery and sentenced to 23 years to life in prison.  Nearly 14 years later, Petitioner claims his sentencing entry is unsigned and therefore void, rendering his imprisonment unlawful.  He argues that without a judge's signature, the entry is not a final appealable order under Crim.R. 32(C), making habeas corpus his only remedy.  Respondent Bryant Palmer, Jr., warden of the Ohio State Penitentiary, has moved to dismiss, and Petitioner has filed an opposition brief.  Petitioner's petition fails on multiple independent grounds, each of which is dispositive:  (1) the petition lacks the sworn verification required by R.C. 2725.04 and the inmate account statement required by R.C. 2969.25(C); (2) Petitioner has adequate remedies at law, including a motion in the trial court for a corrected sentencing entry and, if necessary, mandamus or procedendo; (3) Petitioner does not challenge the trial court's jurisdiction to sentence him but only the form of the sentencing entry, and habeas corpus does not lie to correct such nonjurisdictional defects pursuant to R.C. 2725.05; and (4) Petitioner is not entitled to immediate release because of his life sentence, which means his maximum sentence has not expired and will not expire during his natural life.  For these reasons, the warden's motion to dismiss is granted, and the petition is denied.

I.  Underlying Criminal Proceedings

{¶2}    On April 25, 2011, a Stark County grand jury indicted Petitioner in Case No. 2011CR0382.  The indictment charged Petitioner with one count of aggravated murder in

violation of R.C. 2903.01(B), and one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and/or (A)(3), each with a three-year firearm specification.

{¶3} On June 23, 2011, Petitioner, represented by counsel, executed a written plea of guilty before Judge John G. Haas in the Stark County Court of Common Pleas and formally entered guilty pleas to both counts and the accompanying firearm specifications. The trial court imposed sentence at this hearing, ordering Petitioner to serve 20 years to life on Count 1 (aggravated murder), with a mandatory consecutive three-year term on the firearm specification, and a concurrent five-year term on Count 2 (aggravated robbery). This amounted to an aggregate sentence of 23 years to life in prison. The judgment entry of conviction and sentence was filed by the trial court on July 6, 2011.

II.  Procedural History - Prior Challenges to the Judgment Entry

{¶4} Petitioner did not file a timely direct appeal of his conviction and sentence. Instead, approximately five years after his conviction, he sought leave to file a delayed appeal in the Fifth District Court of Appeals. *State v. Carlton*, No. 2016CA00036 (5th Dist.). The state opposed the motion, and the Fifth District denied Petitioner's request.

{¶5} While his delayed appeal remained pending, Petitioner filed an emergency writ of prohibition in the Supreme Court of Ohio. He alleged that Judge Haas had never signed the July 6, 2011 sentencing entry, and sought to prohibit him from doing so. *State ex rel. Carlton v. Haas*, No. 2016-0448. Judge Haas moved to dismiss the writ, attaching as Exhibit A a copy of the July 6, 2011 sentencing entry that contains his signature. Petitioner replied, objecting to the lack of an affidavit from Judge Haas to personally verify that he had signed the entry, and asserting that fraud had occurred.

**{¶6}** While the prohibition action was pending in the Supreme Court, Petitioner filed in the Fifth District a motion to vacate that court's entry denying his motion for leave to file a delayed appeal. The Fifth District denied that motion as well, specifically advising Petitioner:

> Although not relevant to our consideration of Appellant's motion, we advise Appellant the original entry does in fact contain the signature of the trial court judge. It is very common for copies to contain "filed" stamp as opposed to a time stamp and for copies to have no signature. If Appellant were to obtain a certified copy of the entry, he would see both a time stamp (not filed stamp) and the judge's signature.

*State v. Carlton*, No. 2016CA00036 (5th Dist. Mar. 29, 2016).

**{¶7}** The Supreme Court declined to accept jurisdiction over Petitioner's appeal of the Fifth District's decision, *State v. Carlton*, No. 2016-0530, 2016-Ohio-5585, and granted Judge Haas's motion to dismiss his prohibition action, *State ex rel. Carlton v. Haas*, No. 2016-0448, 2016-Ohio-3390.

### III.  Current Habeas Corpus Petition

**{¶8}** Nearly 14 years after his conviction, and more than nine years after the Fifth District expressly advised him that Judge Haas's signature does appear on the original July 6, 2011 sentencing entry, Petitioner filed the instant petition for a writ of habeas corpus on July 17, 2025. Petitioner's petition asserts that he is being unlawfully restrained because the July 6, 2011 sentencing journal entry was "left unsigned." Petitioner contends

that without a valid, signed sentencing entry, there is no legal authority for his imprisonment.

{¶9} The warden filed a motion to dismiss, arguing that: (1) the petition is procedurally defective for failure to comply with R.C. 2725.04's verification and commitment-paper requirements, and for failure to provide a statement setting forth the balance of his inmate account for the preceding six months as required by R.C. 2969.25(C); (2) habeas corpus is unavailable because adequate alternative remedies were available via direct appeal; (3) Petitioner is not entitled to release because his maximum sentence (life imprisonment) has not expired; and (4) the claim is not cognizable in habeas corpus because the trial court had jurisdiction to render judgment, and any alleged defect in the judgment entry is a mere informality that does not divest the court of jurisdiction pursuant to R.C. 2725.05.

{¶10} Petitioner filed in opposition to the motion to dismiss, along with a motion seeking to extend his time to file his opposition, as it was filed beyond time. This Court granted Petitioner's motion, accepting his opposition filing instanter, three days beyond time. Petitioner argues that habeas corpus is his only remedy, because an unsigned sentencing entry is not a final appealable order. Therefore, he had no adequate remedy at law through direct appeal. Petitioner relies on Crim.R. 32(C)'s requirement that a judge must sign the judgment, and on the principle that once a final judgment has been issued, the trial court's jurisdiction ends.

IV. Habeas Corpus & Standard of Review

{¶11} Habeas corpus is an extraordinary remedy available only under very limited circumstances. R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty,

or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

{¶12} Generally, a writ of habeas corpus is available only in two circumstances: when a petitioner's maximum sentence has expired and they are being held unlawfully, *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *Stever v. Wainwright*, 2020-Ohio-1452, ¶ 8. The writ is unavailable when the petitioner has an adequate remedy in the ordinary course of law, unless the trial court's judgment is void for lack of jurisdiction. *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8.

{¶13} The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. This is why the movant may not rely on allegations or evidence outside of the complaint. Civ.R. 12(B); *Id*. A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Handcock v. Shoop*, 2019-Ohio-718, ¶ 5, quoting *Keith v. Bobby*, 2008-Ohio-1443, ¶ 10.

### V. Analysis

### A. Filing Fee Waiver Requirement – R.C. 2969.25(C)

{¶14} We first address whether the petition must be dismissed for noncompliance with R.C. 2969.25(C). R.C. 2969.25 details various filing requirements for an inmate who

files a civil action against a government entity or employee. R.C. 2969.25(C) sets forth requirements for an inmate seeking a waiver of the prepayment of the full filing fees. Noncompliance with R.C. 2969.25(C) is a proper reason to dismiss an inmate's action. *Davis v. Hill*, 2022-Ohio-485, ¶ 7.

**{¶15}** In his opposition to Respondent's motion to dismiss, Petitioner points out that his counsel paid the filing fee contemporaneously with filing his petition. A review of the docket reflects that Petitioner's counsel did pay the full filing fee when filing the petition. Because Petitioner's counsel paid the filing fee at the time of filing the petition, R.C. 2969.25(C) is inapplicable.

### B. Prior Civil Actions Affidavit – R.C. 2969.25(A)

**{¶16}** The warden next contends the petition must be dismissed for failure to file the affidavit required by R.C. 2969.25(A). That statute requires an inmate to describe each civil action or appeal filed in the previous five years against a government entity or employee. This argument is also without merit.

**{¶17}** R.C. 2969.25(A) provides that at the time an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. Failure to comply with R.C. 2969.25(A) may justify dismissal of an extraordinary-writ action. *State ex rel. Wickensimer v. Bartleson*, 2009-Ohio-4695, ¶ 2.

**{¶18}** However, the Supreme Court of Ohio has made clear that the plain language of R.C. 2969.25(A) does not require that inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the requisite five-

Case No. 25 MA 0069

year period must still file an affidavit. *Wickensimer* at ¶ 3. The statute does not require the inmate to state he or she has filed no such civil action or appeal. *Id*. at ¶ 5. The court in *Wickensimer* expressly held that it would not "add a requirement that does not exist in the statute." *Id*. at ¶ 3.

{¶19} The Supreme Court recently reaffirmed this holding in *State ex rel. Walker v. Ballinger*, 2024-Ohio-181. In *Walker*, the court of appeals had required the petitioner to file a statement declaring that no prior civil actions had been filed even when the petitioner had filed no other civil actions within the past five years. *Id*. at ¶ 8. The Supreme Court found the court of appeals erred, holding that "[t]he plain language of the statute includes no requirement that inmates who have not filed a civil action or appeal of a civil action against a government entity or employee in the requisite five-year period file a [R.C. 2969.25(A)] affidavit." *Id*. at ¶ 9, citing *Wickensimer* at ¶ 3. The Court further held that "the statute does not require a statement that the inmate has filed no such civil action or appeal." *Id*.

{¶20} Here, the record contains no evidence that Petitioner filed any civil action or appeal against a government entity or employee within the five-year period prior to filing this habeas action. Respondent does not allege there were such prior filings. According to *Wickensimer* and *Walker*, Petitioner was not required to file an R.C. 2969.25(A) affidavit and Respondent's argument to the contrary is without merit.

C. Verification Requirement – R.C. 2725.04

{¶21} Turning to Respondent's contention that the petition is procedurally defective for failure to comply with R.C. 2725.04's verification requirement, it is apparent this argument has merit.

{¶22} R.C. 2725.04 requires that a petition for habeas corpus be verified. Verification means Petitioner must obtain a "formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001). Failure to verify a habeas corpus petition requires dismissal. *Id*. at 327-328; *Davis v. Sheldon*, 2020-Ohio-436, ¶ 8.

{¶23} The petition under review does not contain any verification. Neither Petitioner nor his attorney swore to the truth of the facts contained within the petition. The petition bears the signature of Petitioner's counsel, but does not contain Petitioner's verification of the petition's allegations, nor does it contain any sworn statement from counsel.

{¶24} Petitioner attempts to support his petition by claiming that his attorney's signature, as an officer of the court, is sufficient verification. Petitioner contends that the statements of an officer of the court are presumed to be truthful, and are tantamount to verification. This argument was foreclosed by the Supreme Court's decision in *Davis*.

{¶25} In *Davis*, the Supreme Court held that the petitioner's habeas petition was fatally defective because "neither [the petitioner] nor his attorney swore to the truth of the facts contained therein." *Davis* at ¶ 8. The Court made clear that R.C. 2725.04 requires a sworn statement by the petitioner or attorney; a signature alone from counsel does not meet the verification standard.

{¶26} Here, Petitioner's filing contains no sworn statement, neither by Petitioner himself nor from counsel on behalf of Petitioner. Counsel's signature alone, without a

Case No. 25 MA 0069

formal declaration under oath, does not satisfy R.C. 2725.04's mandatory verification requirement. The petition is therefore procedurally defective and must be dismissed.

### D. Adequate Remedy at Law and Cognizability

**{¶27}** Even assuming Petitioner's petition was procedurally proper, his claims would fail on their merits. Habeas corpus is not appropriate here for two independent reasons: Petitioner had adequate remedies in the ordinary course of law, and he challenges an alleged defect in the judgment entry rather than the trial court's jurisdiction.

**{¶28}** In *Dunn v. Smith*, 2008-Ohio-4565, the Supreme Court of Ohio squarely addressed and rejected the identical argument Petitioner advances in his petition, here. In *Dunn*, the petitioner filed a habeas corpus action seeking immediate release from prison on the ground that his sentencing entry violated Crim.R. 32(C) and was therefore not a final appealable order. The Court acknowledged the petitioner was correct that the entry did not constitute a final, appealable order under *State v. Baker*, 2008-Ohio-3330. *Id*. at ¶ 7. Regardless, the Court held that "habeas corpus is not a proper action to raise a claimed violation of Crim.R. 32(C)." *Id*. at ¶ 1.

**{¶29}** The Court explained that the petitioner "has an adequate remedy at law by way of a motion in the trial court requesting a revised sentencing entry." *Id*. at ¶ 8. Moreover, if the trial court refuses a request to issue a revised sentencing entry, the petitioner "can compel the court to act through an action for a writ of mandamus or a writ of procedendo." *Id*. at ¶ 9. The Court concluded there is no case that holds "a trial court's failure to comply with Crim.R. 32(C) entitles an inmate to immediate release from prison; instead, the appropriate remedy is correcting the journal entry." *Id*. at ¶ 10.

{¶30} Petitioner's case is indistinguishable from *Dunn*. Identical to the petitioner in *Dunn*, Petitioner challenges the validity of his sentencing entry on the ground that it lacks the judge's signature, rendering it nonfinal and unappealable. Pursuant to *Dunn*, Petitioner's remedy is to file a motion in the trial court requesting a revised sentencing entry. If the trial court refuses to act, Petitioner can seek mandamus or procedendo to compel correction of the entry.

{¶31} The Supreme Court's decision in *State ex rel. Jackson v. Sloan*, 2016-Ohio-5106, further confirms that Petitioner's claim is not cognizable in habeas corpus. In *Jackson*, the petitioner challenged the validity of his 1981 judgment entry, arguing that it was "void on its face" because it did not contain the judge's signature. *Id*. at ¶ 5. The Supreme Court held that habeas corpus was not the proper remedy for this claim. The Court explained: "Habeas corpus will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law." *Id*. at ¶ 9, quoting *Appenzeller v. Miller*, 2013-Ohio-3719, ¶ 9.

{¶32} The Court noted that the petitioner "challenges the validity of the 1981 judgment, but he does not challenge the *jurisdiction* of the Cuyahoga County Court of Common Pleas to sentence him in that case." *Id*. The Court concluded: "Jackson has or had alternative remedies at law to raise his claim regarding the validity of the trial court's journal entry in his 1981 case, and he has pursued those remedies." *Id*. at ¶ 10.

{¶33} Like Jackson, Petitioner does not challenge the jurisdiction of the Stark County Court of Common Pleas to sentence him. Petitioner's argument concerns the form and content of the sentencing entry, not the court's underlying authority to impose a

sentence.  Assuming his claim is true, Petitioner has an adequate remedy at law by way of a motion in the trial court requesting a revised sentencing entry.  If the entry is unsigned and therefore nonfinal, the trial court has not lost jurisdiction and can correct the entry.  If the trial court refuses to act, Petitioner may compel correction through mandamus or procedendo.  Petitioner's fourteen-year failure to pursue these remedies does not eliminate their availability.  Instead, it demonstrates why habeas corpus is inappropriate: adequate legal remedies existed and continue to exist.

## VI.  Conclusion

{¶34} The petition for a writ of habeas corpus in this case fails on multiple independent grounds, each of which is dispositive.  First, his petition is procedurally defective for failure to comply with R.C. 2725.04's mandatory verification requirement, as neither Petitioner nor his attorney swore to the truth of the factual allegations.  Second, Petitioner's claim is not cognizable in habeas corpus because he maintains adequate remedies at law, including filing a motion in the trial court for a revised sentencing entry and, if necessary, seeking mandamus or procedendo.  Third, Petitioner does not challenge the jurisdiction of the Stark County Court of Common Pleas to sentence him. He attacks only the form of the sentencing entry.  Pursuant to R.C. 2725.05, habeas corpus will not lie to correct nonjurisdictional defects.  Fourth, Petitioner is not entitled to immediate release.  Since he was sentenced to a prison term of 23 years to life, his maximum (life) sentence has not expired.

{¶35} Accordingly, the warden's motion to dismiss is GRANTED, the writ is DENIED, and this original action DISMISSED.  Pursuant to Civ.R. 58, the Clerk of the

Case No. 25 MA 0069

Mahoning County Court of Appeals shall immediately serve notice of this judgment and its date of entry upon the journal to all parties. Costs assessed to Petitioner.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**

Case No. 25 MA 0069